UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 1:25-CV-544-HAB<br>CASE NO. 1:18-CR-41-HAB-SLC |
| TYRION L MCNAIR | |

**OPINION AND ORDER**

Tyrion McNair ("McNair") is serving a 151-month term of imprisonment for distributing methamphetamine. (ECF 173). Before this Court are McNair's motions requesting a reduction in his sentence and a hearing on the matter. (ECF 242, 244). In support of his motion, he cites a case from a different jurisdiction—*United States v. Robinson*, No. 3:21-cr-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec 23, 2022)—which concluded that the United States Sentencing Commission's guidelines for distinguishing actual methamphetamine from methamphetamine mixture lacks a basis in empirical data. He marshals this case to argue he is entitled to a reduction in his sentence, which under the methamphetamine mixture guidelines would be subject to a lower base offense level and thus a shorter prison term.

On October 8, 2025, Court notified McNair that the relief his motions seek are only available as a Motion to Vacate under 28 U.S.C. § 2255. (ECF 243). Thus, the Court construed the motion as such and issued McNair a notice pursuant to *Castro v. United States*, 540 U.S. 375. (*Id.*). This gave him the opportunity to withdraw his motion or amend it to add all claims he could raise in a Section 2255 motion. (*Id.*). The Court order informed McNair that he had thirty days to choose

one of those options and that failure to comply with the deadline would result in the Court ruling on his motion on the ground already raised. (*Id.*).

McNair filed a response to the Court's order on December 12, 2025, well beyond the deadline. (ECF 245). He added no new claims. (*Id.*). Instead, he asked for equitable tolling from the one-year statute of limitations for Section 2255 motions because prison conditions kept him from learning about *Robinson* until recently. (*Id.*). Although the Court is not obligated to address the filing due to its untimely nature, the Court will still take it into account.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge who receives a motion under 28 U.S.C. § 2255 to promptly examine it. If it is clear that "the moving party is not entitled to relief, the judge must dismiss the motion." 28 U.S.C. § 2255; Rule 4(b) of Rules Governing Section 2255 Proceedings.

Section 2255 sets forth a one-year statute of limitations. 28 U.S.C. § 2255(f). That limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

McNair's claim is time-barred. His conviction became final when he was sentenced on December 3, 2020. (ECF 173). He does not allege that the government impeded him from making a Section 2255 motion in the five years since then. (ECF No. 242, 244, 245). Nor does he point to

any new right recognized by the Supreme Court or identify any newly discovered facts supporting his legal claim. (*Id.*)

At best, McNair argues that *Robinson* changes the legal landscape of his case. But *Robinson*, a district court case from outside the Seventh Circuit, does not bind this Court. Even if that decision was binding, it does not extend the one-year time frame for filing a §2255 petition under subsection (f).

His argument for equitable tolling of the statute of limitations is equally unavailing. To receive the remedy of equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lairy v. United States*, 142 F.4th 907, 917 (7th Cir. 2025) (*Holland v. Florida*, 560 U.S. 631, 649 (2010)). McNair bears the burden of establishing both elements. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

McNair has put forth nothing to indicate he has been pursuing his rights diligently in this case. He has made no filings in the four years and ten months that elapsed between his sentencing and his present motions. Nor has he established that some extraordinary circumstance prevented him from filing in a timely fashion. He insists that constant lockdowns, limited access to the law library, a lack of legal training, and a lack of access to a lawyer have kept him from learning about the basis for this motion. (ECF 245). None of these suffice, together or in isolation, to grant equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[L]ack of legal expertise is not a basis for invoking equitable tolling."); *id.* ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling.").

McNair's attempt to invoke equitable tolling becomes less justifiable when a review of his record as a pro se litigant makes it clear that he has no issue pursuing legal claims challenging his convictions. *McNair v. Warden*, No. 1:23-CV-22-HAB-SLC, 2023 WL 6442063, (N.D. Ind. Oct. 3, 2023), *appeal dismissed sub nom. McNair v. Rokita*, No. 23-3132, 2024 WL 4751294 (7th Cir. Feb. 9, 2024), *opinion vacated, appeal reinstated*, No. 23-3132, 2024 WL 4750507 (7th Cir. Mar. 19, 2024), and *certificate of appealability denied sub nom. McNair v. Rokita*, No. 23-3132, 2024 WL 4751293 (7th Cir. Aug. 7, 2024); *McNair v. Indiana*, No. 1:23-CV-22-HAB-ALT (N.D. Ind. Oct. 20, 2025), *authorization for successive habeas petition denied*, No. 25-2856 (7th Cir. Nov. 13, 2025). Thus, the Court will deny McNair's motion to vacate his sentence. And because "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not conduct an evidentiary hearing. 28 U.S.C. § 2255(b).

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to either "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). For the reasons articulated above, the Court finds that no reasonable jurist could conclude that McNair is entitled to relief, so no certificate of appealability will be issued.

For these reasons, McNair's Motion to Vacate (ECF 244) and Motion for a Hearing (ECF 242) are DENIED and no certificate of appealability will issue.

**SO ORDERED** on December 23, 2025.

                                                  s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT